UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON FELLOWS, | ) |
|         Petitioner, | ) |
|         v. | ) No. 1:22-cv-01205-SEB-MPB |
| PRETORIUS Warden, | ) |
|         Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Petitioner Aaron Fellows, an Indiana prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a prison disciplinary proceeding identified as Case No. IYC 21-12-0120. For the reasons explained in this Order, Mr. Fellows's habeas petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.     The Disciplinary Proceeding

On December 7, 2021, Officer A. Bankole wrote a Report of Conduct ("Conduct Report") charging Mr. Fellows with violating A-121, Possession of a Mobile Phone Device. Dkt. 10-1. The Conduct Report states:

> On 12/06/21 at approximately 7:28pm, I Officer A. Bankole was told to go strip search Offender Fellows Aaron #212848 in the West Dorm Classroom. I ordered Offender Fellows to step out of M-Unit Dayroom to the lobby and to stand by the classroom door while I tried to get hand gloves from the West Control Officer. I heard a sound of something dropping in the crate, I turned around and saw Offender Fellows's hand coming out of the chemical crate that was sitting right by the classroom door. After hearing the sound, I went straight to the chemical crate and found a mobile phone inside the crate. I ordered Offender Fellows to step back while I secured the phone in my pocket. He immediately denied dropping the phone in the crate and I reminded him that I just dropped off the crate. I radioed the Control Officer to signal 8 to the control door. When the Control Officer was at the door, I handed over the phone to him to secure in the Control room and also informed the Sergeant to signal 8 to the West Lobby. Offender Fellows was given a confiscation slip, which he refused to sign and was informed that he will be receiving a conduct report. Offender Fellow was identified by his State Issued ID.

*Id.* (cleaned up).

Mr. Fellows was notified of the charge when he received the Conduct Report and the Notice of Disciplinary Hearing ("Screening Report") on December 15, 2021. *Id.*, dkt. 10-3. On his Screening Report, he requested the appointment of a lay advocate and the video of the incident but did not request any witnesses. Dkt. 10-3. The hearing officer granted both requests. Dkts. 10-4 and 10-7.

On February 1, 2022, a hearing was held before a hearing officer. Dkt. 10-6. The hearing officer recorded Mr. Fellows's statement as "I bent down to see an object in chemical. I looked and saw what it was and pulled back."[1] *Id.* (cleaned up). Based on Mr. Fellows's statement, the Conduct

---

[1] The hearing officer also recorded that Mr. Fellows "was asked to leave due to disruptive behavior." Dkt. 10-6.

2

Report, the video and photo evidence, dkts. 10-1, 10-2, 10-6, and 10-7, the hearing officer found Mr. Fellows guilty. Dkt. 10-6. The sanctions imposed included the deprivation of one hundred eighty days of earned credit time, one credit class demotion, and other sanctions that do not involve Mr. Fellows's custody. *Id.*

Mr. Fellows appealed to the Facility Head and asserted two issues which can be summarized as follows: 1) the policies and procedures for a conduct report and a confiscation form were violated; and 2) there was insufficient evidence that he possessed the cellphone. Dkt. 10-8 at 1-2. The Facility Head denied his appeal and explained:

> Your disciplinary appeal has been received and reviewed. I have considered your statement, disciplinary procedure, and disciplinary consistency. There is no evidence of procedural or due process error. The Report of Conduct is descriptive and credible, and the statement provided by staff does support the finding. I find no errors in your case and the Report of Conduct is clear. You have provided me with no evidence to cause me to change the decision of the Disciplinary Hearing Officer. You became disorderly during the hearing and were asked to leave, that is the reason you didn't sign the documents. That was your choice. The conduct report and video review do an excellent job of establishing possession and support the guilty finding. The sanctions are within the appropriate limits. As this case involves a grievous loss, you may appeal to the final IDOC reviewing authority.

Dkt. 10-9 (cleaned up).

Mr. Fellows then appealed to the Final Reviewing Authority. Dkt. 10-10. In denying his final appeal, the Appeal Review Officer stated that "[t]he procedure and due process of this case appear to be true and accurate," and explained: "The charge is clear; the evidence sufficient. The sanctions are within the guidelines of the Disciplinary Code for Adult Offenders. There is no present information indicating modification or dismissal is necessary." *Id.*

Mr. Fellows then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### III.     Analysis

The Court construes that Mr. Fellows has asserted two grounds for relief in his petition. First, he argues that the prison officials violated IDOC policies and procedures related to conduct reports and confiscation slips. Dkt. 1 at 3 (citing dkt. 1-1 at 1-2). Second, he claims that the hearing officer violated his due process rights by convicting him without sufficient evidence that he possessed the cellphone. Dkt. 1 at 3 (citing dkt. 1-1 at 2).

**A.  Prison Policies**

To begin, Mr. Fellows argues that the prison officials violated various departmental policies and procedures related to conduct reports and confiscation slips. Dkt. 1-1 at 1-2. Specifically, he claims that the prison officials violated conduct report deadlines and witness statement requirements and the form requirements for confiscation slips. *Id.* He also argues that the Office of Internal Affairs did not follow its own policies for the retrieval of evidence.[2] *Id.* Respondent counters that policy violations are inappropriate for habeas relief and that Mr. Fellows has not identified any prejudice for these policy errors. Dkt. 10 at 10-12. Mr. Fellows reasserts in his reply that the prison officials were required to follow the prison's policies. Dkt. 19 at 5-6.

But, Mr. Fellows's arguments are unavailing. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because,

---

[2] Mr. Fellows admits that he failed to raise this argument in his lower-level appeals because he was only recently made aware of the internal policy, and the respondent agrees that this issue was not exhausted. Dkt. 1 at 4; dkt. 10 at 2. However, for the reasons explained in Part III(A), even if Mr. Fellows had exhausted this issue, it too, would fail on the merits. *See, e.g., Brown v. Watters*, 599 F.3d 602, 609-10 (7th Cir. 2010) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (both approving ability of district courts to bypass questions of exhaustion for judicial expediency).

"[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Therefore, to the extent that Mr. Fellows argues that the prison officials violated state policies and procedure, he is not entitled to relief on these claims.

### B. Sufficiency of the Evidence

Additionally, Mr. Fellows argues that the hearing officer violated his due process rights because there is insufficient evidence that he possessed the cellphone. Dkt. 1-1 at 2. In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Further, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports

a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). A conduct report "alone" may establish the "some evidence" requirement. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Specifically, Mr. Fellows asserts that there was insufficient evidence because the prison officials violated the chain of custody requirements. Dkt. 1-1 at 2. Mr. Fellows further argues that the evidence, the Conduct Report and the video, do not establish that he possessed the cellphone. *Id.*

### 1. Chain of Custody

Mr. Fellows claims that the prison officials violated the chain of custody requirements because the Evidence Card states that the cellphone was found on his person, but the Conduct Report says the cellphone was found in the chemical crate. *Id.* Respondent contends that Mr. Fellows misapplies the chain of custody rule; that there is no evidence that the photographed cellphone is a different cellphone; that there is no Evidence Card in the record; and that a cellphone "is not a device where its nature can be modified." Dkt. 10 at 8-9. Mr. Fellows's reply clarifies that he is arguing that the Confiscation Form, dkt. 10-2, does not state where the cellphone was found.[3] Dkt. 19 at 6.

"The chain of custody rule applies when the evidence in question, usually a chemical test, is used to convict a prisoner and a record is required to tie the evidence to the prisoner's charge." *Rice v. Vanihel*, 2:22-cv-00050-JPH-MG, 2023 U.S. Dist. LEXIS 17487, at *11 (S.D. Ind. Feb. 2, 2023) (citing *Ellison*, 820 F.3d at 275); *see also Webb v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996) (holding that due process was violated where the prison mislabeled the laboratory sample with

---

[3] To the extent that Mr. Fellows's arguments about chain of custody relate to violations of departmental policies, these arguments are not cognizable, as discussed above.

another inmate's identification number and provided no explanation for the discrepancy). Yet, the chain of custody need not be perfect. *Ellison*, 820 F.3d at 275.

Here, there is no evidence that the cellphone that Officer Bankole retrieved during this incident is not the same phone that is depicted in the photo. Dkt. 10-2 (noting that there is a photo of the cellphone on a white board attached to the Confiscation Form listing Mr. Fellows's name, the date and time that the phone was found, and Officer Bankole as the officer who found the cellphone); dkt. 19 at 5-6 (noting that Mr. Fellows does not dispute that this is the same cellphone but does dispute that the location on the Confiscation Form is blank and that this prevented him from contesting the Conduct Report and the video). However, the prison officials were not required to complete the Confiscation Form perfectly. *Ellison*, 820 F.3d at 275; *Webb*, 224 F.3d at 653 (holding that so long as "some evidence" supports the hearing officer' decision, omissions in the chain of custody do not deprive an inmate of due process). Rather, they were only required to identify the cellphone as evidence of this charge. Because the Confiscation Form and the attached photo satisfy the chain of custody requirements, Mr. Fellows is not entitled to relief on this ground.

    **2. "Some" Evidence**

Mr. Fellows also argues that the Conduct Report and the video do not support his conviction. Dkt. 1-1 at 2. Respondent disputes this. Dkt. 10 at 8-9.

Code A-121 prohibits "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Dkt. 10-11 at 3. Further, the IDOC defines possession as follows:

> *On one's person*, in one's quarters, in one's locker or *under one's physical control*. For the purposes of these procedures, an offender is presumed to be responsible for any property, prohibited property or contraband that is located *on their person*, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, *but are not limited to:* the door track, window ledge, ventilation unit, plumbing and

7

> the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

Dkt. 10-12 at 6 (emphasis added).

The Court has reviewed the video and finds that it is consistent with the summary in the record and that it corroborates Officer Bankole's account in the Conduct Report. Dkt. 10-7; dkt. 14. Specifically, the video shows Mr. Fellows: 1) kicking an item against the wall; 2) bending down and picking up the item; and 3) walking up to the chemical crate and dropping the item in the chemical crate. Dkt. 14. The video also shows Officer Bankole retrieving the item from the chemical crate and placing it in his pocket. *Id.* The Conduct Report and the photo of the cellphone bolster the video evidence because Officer Bankole stated that he brought in the chemical crate immediately before this incident; that the item retrieved from the chemical crate was a cellphone; and that the photo depicted the cellphone that Officer Bankole removed from the chemical crate. Dkts. 10-1 and 10-2 at 2.

In his reply, Mr. Fellows explains that Officer Bankole's failure to attach a witness statement to the Conduct Report supports his contention that there is insufficient evidence of his guilt.[4] Dkt. 19 at 3. Specifically, he claims that a witness statement could have corroborated Officer Bankole's account or provided inconsistencies. *Id.* (Mr. Fellows asserting that staff members mentioned in the Conduct Report could have provided additional testimony). But the video shows that only Officer Bankole and Mr. Fellows were present when Mr. Fellows placed the cellphone in the chemical crate and Officer Bankole retrieved the cellphone. Dkt. 14. Moreover, Officer

---

[4] Mr. Fellows also argues that there is no evidence that he trafficked or conspired to traffic the cellphone. Dkt. 19 at 2. But Mr. Fellows was not convicted of trafficking or conspiring to traffic. Rather, he was convicted of possessing a cellphone. Dkts. 10-1 and 10-6. Therefore, the Court need not address this argument any further.

Bankole's account in the Conduct Report does not suggest that any referenced staff members were present until after he located the cellphone in the chemical crate. Dkt. 10-1 (Officer Bankole indicating that after he placed the phone in his pocket, he notified the Control Officer and "handed the phone to him to secure" and "informed the Sergeant"). Thus, any testimony from these non-eyewitnesses would not undermine Mr. Fellows's conviction.

While Mr. Fellows was free to raise these issues before the hearing officer, a court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb*, 224 F.3d at 652). Thus, Mr. Fellows's arguments fail.[5]

For the reasons stated above, the Court finds that there is sufficient evidence to support Mr. Fellows's conviction. Accordingly, Mr. Fellows is not entitled to relief on this ground.

## C. New Claims in Reply

In his reply, Mr. Fellows argues for the first time that he was denied a fair hearing before an impartial decisionmaker and that the hearing officer failed to provide an adequate written statement articulating the reasons for his conviction. Dkt. 19 at 3, 5-7. Failure to raise an argument in a petition for a writ of habeas corpus results in waiver. *Wonsey v. City of Chi.*, 940 F.3d 394, 398-99 (7th Cir. 2019) (holding that arguments raised for the first time in a reply brief are waived)

---

[5] To the extent that Mr. Fellows argues that he needed the location on the Confiscation Form to defend himself, his argument also fails. Dkt. 19 at 5. As noted above, the Conduct Report, the video evidence, and the photo of the cellphone provide sufficient evidence that Mr. Fellows placed the cellphone in the chemical crate. Moreover, any specification on that Confiscation Form that the cellphone was on Mr. Fellows's person or in the chemical crate, would not undermine Mr. Fellows's conviction because the video shows Mr. Fellows placing the cellphone in the chemical crate and Officer Bankole witnessing Mr. Fellows removing his hand from the crate. Dkt. 14. Thus, there is sufficient evidence that the cellphone was on his person and under his control. Dkt. 10-12 at 6 (possession includes property on a prisoner's person or under the prisoner's control). Accordingly, Mr. Fellows cannot demonstrate that he was prejudiced by this omission and thus any error was harmless. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary proceedings).

and *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006) (A prisoner must present "[a]ll arguments for habeas corpus relief . . . in the petition."). The Court reviewed Mr. Fellows's petition and his exhibits and finds that Mr. Fellows did not argue that he was denied an impartial decisionmaker or a written basis for his conviction. Dkts. 1 and 1-1. Because Mr. Fellows did not raise these grounds in his petition, he waived these claims, and the Court need consider them no further. Therefore, he is not entitled to relief on these waived claims.

### IV.     Conclusion

For the reasons stated above, Mr. Fellows is not entitled to habeas corpus relief under 28 U.S.C. § 2254. Accordingly, Mr. Fellows's petition for a writ of habeas corpus is **denied** and the action is **dismissed with prejudice**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:     3/13/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AARON FELLOWS
212848
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov